IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) CHRIS HUSTON,

      Plaintiff,

vs.

(1) RAUSCH STURM, LLP, AND
(2) PORTFOLIO RECOVERY ASSOCIATES, LLC,

      Defendants.

Case No.: 4:20-cv-00401-JED-FHM

**COMPLAINT**
(Unlawful Debt Collection Practices)

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff, Christopher M. Huston, and for his Complaint against Defendants, Rausch Sturm, LLP ("Rausch") and Portfolio Recovery Associates, LLC ("PRA"), alleges as follows:

### INTRODUCTION

1. Plaintiff states a claim against Rausch and PRA for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

> Existing laws and procedures for redressing these injuries are

inadequate to protect consumers.

(c) **Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendants conduct business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Rausch is a collections business with an office in Brookfield, Wisconsin.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant PRA is a collections business with an office in Norfolk, Virginia.

11. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. On or about June 4, 2019, Defendants filed a lawsuit against Plaintiff seeking to collect on a debt that Defendant PRA allegedly purchased, styled *Portfolio Recovery Associates LLC v. Christopher M. Huston*, Tulsa County Case No. CJ-19–2265 (the "State Court Lawsuit").

13. On July 8, 2019, Plaintiff filed an Answer to the State Court Lawsuit, disputing the debt. A copy of the Answer was sent to Defendant Rausch.

14. On July 10, 2019, counsel for Plaintiff sent a fax correspondence confirmed received by Defendant Rausch that again disputed the alleged debt and requested the written assignment of the alleged debt.

15. On July 16, 2019, defendant PRA wrote to counsel for plaintiff regarding plaintiff's alleged debt.

16. On July 18, 2019, defendant PRA again wrote a second correspondence to counsel for plaintiff regarding plaintiff's alleged debt.

17. On August 1, 2019, despite Defendants each having knowledge of Plaintiff's representation by legal counsel, Defendant Rausch mailed Plaintiff a letter (dated July 15, 2019), *directly to Plaintiff*, which communicated information regarding the same alleged debt.

COMPLAINT                                                                                                          3

18. For reasons unknown, despite the date of the letter and date of postage, Plaintiff received Defendants' correspondence on August 30, 2019.

19. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of his personal privacy and right to be represented by legal counsel.

20. The acts and omissions of Defendant Rausch, and the other debt collectors employed as agents by Defendant Rausch who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant PRA.

21. The acts and omissions by Defendant Rausch and its employee debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant PRA in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant Rausch and its employee debt collectors were motivated to benefit their principal, Defendant PRA.

23. Defendant PRA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, in their attempts to collect this alleged debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

24. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following:

   a) Defendants violated §1692c(a)(2) of the FDCPA by communicating with Plaintiff

through written correspondence when Defendants were aware of the name and address of the attorney representing Plaintiff;

## COUNT II
## INVASION OF PRIVACY

25. Plaintiff is entitled to recover damages for the Oklahoma common law claim of invasion of privacy. Defendants actions of contacting Plaintiff directly after they were aware that he was represented by legal counsel constituted the invasion of his privacy as it was an intrusion upon his seclusion.

26. Such inclusion was intentional, was without Plaintiff's consent, and would be considered highly offensive to a reasonable person who had engaged in the attorney to represent them.

27. Plaintiff is entitled to recover damages in an amount exceeding $10,000.00 for his common law invasion of privacy claim.

WHEREFORE, Plaintiff, Christopher M. Huston respectfully prays that judgment be entered against Defendants, jointly and severally, for the following:

a) Statutory damages of $1,000.00 against each Defendant, pursuant to the FDCPA, 15 U.S.C. 1692k;

b) Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

c) Damages for Plaintiff's common law invasion of privacy claim;

d) Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

e) Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNTLAW
CONSUMER PROTECTION FIRM
1202 E. 33rd Street
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net